Filed 7/10/23  P. v. Kersting CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

<table>
<tr><td>THE PEOPLE,<br><br>     Plaintiff and Respondent,<br>v.<br>MORRIS FRED KERSTING,<br><br>     Defendant and Appellant.</td><td>A166718<br><br>(Solano County<br>Super. Ct. No. FC18026)</td></tr>
</table>

MEMORANDUM OPINION[1]

Morris Kersting appeals from an order summarily denying his petition for resentencing under Penal Code[2] section 1172.6.  The trial court denied the petition on the basis that it had already denied his previous petition for resentencing under former section 1170.95, an order this court affirmed in 2021.  (*People v. Kersting* (Mar. 1, 2021, A159901) [nonpub. opn.] (*Kersting I*).)  But the trial court denied the previous petition *without* prejudice, at Kersting's counsel's request, and our affirmance of that order did not foreclose Kersting from filing another petition.  Therefore, we agree

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(2).

[2] All further statutory references are to the Penal Code.

1

with the parties that a remand is required for the court to reconsider the instant petition.

"Effective January 1, 2019, Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.) (Senate Bill No. 1437) (Stats. 2018, ch. 1015)] amended murder liability under the felony-murder and natural and probable consequences theories.  The bill redefined malice under section 188 to require that the principal acted with malice aforethought.  Now, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.'  (§ 188, subd. (a)(3).)" (*People v. Turner* (2020) 45 Cal.App.5th 428, 433.)  The bill also amended section 189 to provide that a defendant who was not the actual killer and did not have an intent to kill is not liable for felony murder unless the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Senate Bill No. 1437 also enacted former section 1170.95, now section 1172.6, which established a procedure for eligible defendants to petition for resentencing.  Under the current statute, "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts" as long as three requirements are met: (1) the charging document allowed the prosecution to proceed under a theory of felony murder, murder or attempted murder under the natural and probable consequences doctrine, or other theory of imputed malice; (2) the

petitioner was convicted of murder, attempted murder, or manslaughter; and (3) the petitioner could not presently be convicted of that crime after Senate Bill No. 1437's changes to the law. (§ 1172.6, subd. (a).)

Upon receiving a facially sufficient petition alleging that all three requirements are met and requesting counsel, the trial court must appoint counsel, permit the parties to submit briefing, and "hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause" and hold an evidentiary hearing on whether the petitioner is guilty of murder or attempted murder beyond a reasonable doubt. (§ 1172.6, subds. (b)(3), (c)–(d); *People v. Lewis* (2021) 11 Cal.5th 952, 957.) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

In February 2019, Kersting filed the original petition under former section 1170.95, averring that in 1985 he was convicted at trial of second degree murder on a theory of felony murder or under the natural and probable consequences doctrine and could no longer be convicted of murder based on Senate Bill No. 1437.[3] The trial court appointed counsel to represent him. After the prosecution filed a response stating that Kersting was ineligible for resentencing, his counsel indicated he needed to review more materials and asked the court to find, without prejudice, that there was no prima facie showing of entitlement to relief.[4] The court agreed to do so, and it denied the petition without prejudice in September 2019.

---

[3] We granted Kersting's request for judicial notice of the appellate record in *Kersting I*.

[4] As was true in *Kersting I*, there is almost no information about the underlying facts in our record.

Kersting appealed, and his appellate counsel filed a brief asserting that there were no arguable issues. After independently reviewing the record, we agreed with counsel's assessment. In particular, we noted that the original petition was denied at Kersting's request. We therefore affirmed the September 2019 order, and the remittitur issued in May 2021.

In November 2022, Kersting filed the instant petition for resentencing under section 1172.6, averring that he met all the statutory requirements for relief. In particular, he stated that "he was convicted of second degree murder and that he believes [the] jury was given the Natural [and] Probable Consequences doctrine and aiding and abetting doctrine [instructions] and[/]or Malice was imputed to find him guilty." He asked the trial court to appoint counsel for him.

Later that month, without appointing counsel for Kersting or holding a hearing, the trial court denied the petition. The court explained its ruling as follows: "A review of the Court file confirms that [Kersting] previously petitioned the Court for the same relief in 2019. The Court denied the previous Petition. The Appellate Court upheld the Trial Court's ruling."

On appeal, Kersting claims the trial court denied the instant petition based on the erroneous conclusion that he "was not legally entitled to file a second petition." The Attorney General concedes the error, and we accept the concession. Because the court's September 2019 order denied the original petition without prejudice, Kersting was not barred from filing a new petition. Nothing in *Kersting I*, which merely affirmed that order, limited his ability to do so. Therefore, the court's basis for denying the instant petition was improper.

We also conclude that the error was prejudicial, because Kersting filed a facially sufficient petition, and nothing in the record demonstrates that he

4

is ineligible for relief as a matter of law.  (See *People v. Lewis*, *supra*, 11 Cal.5th at p. 974.)  Therefore, on remand, the trial court shall appoint counsel for him, permit the parties to submit briefing on whether he has made a prima facie case for relief, and follow all other procedures required under section 1172.6.

The November 16, 2022 order denying Kersting's petition for resentencing is reversed, and the matter is remanded to the trial court for further proceedings under section 1172.6.

5

_____
Humes, P.J.

WE CONCUR:


_____
Margulies, J.


_____
Bowen, J.*


*Judge of the Superior Court of the County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Kersting* A166718